1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8

9     ANTONIO CANDELARIO,             CASE NO. 1:09-cv-01533-AWI-GBC PC

10               Plaintiff,        FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION,

11     v.                           WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE

12     J. OUIRQUE, et al.,

13               Defendants.       OBJECTIONS DUE WITHIN TWENTY DAYS

14     _____/

15        Plaintiff Antonio Candelario ("Plaintiff") is a state prisoner proceeding pro se and in forma

16 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August

17 31, 2009. On September 9, 2010, the Court issued an order reassigning the case, and on September

18 28, 2010, the order was returned by the United States Postal Service as undeliverable, unable to

19 forward.

20        Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the

21 Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent

22 part:

23             If mail directed to a plaintiff in propria persona by the Clerk is
returned by the U.S. Postal Service, and if such plaintiff fails to notify

24             the Court and opposing parties within sixty-three (63) days thereafter
of a current address, the Court may dismiss the action without

25             prejudice for failure to prosecute.

26 In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and

27 he has not notified the Court of a current address.

28        "In determining whether to dismiss an action for lack of prosecution, the district court is

1   required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;

2   (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

3   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

4   sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779

5   F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not

6   conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA)

7   Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

8         In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned

9   mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there

10  are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

11        Accordingly, it is HEREBY RECOMMENDED, that this action be dismissed, without

12  prejudice, based on Plaintiff's failure to prosecute.

13        These findings and recommendations will be submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20)

15  days after being served with these findings and recommendations, Plaintiff may file written

16  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

17  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

18  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

19  1153 (9th Cir. 1991).

20        IT IS SO ORDERED.

21

Dated:    December 30, 2010

22                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

2